UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Frances Fentner,

                              Plaintiff,                          **Hon. Hugh B. Scott**

                                                                  07CV561A

                          v.                                      **Report
                                                                  &
                                                                  Recommendation**

Tempest Recovery Services, Inc.,

                              Defendants.


        Before the court is the plaintiff's motion to dismiss the counterclaims asserted by the

defendant (Docket No. 10).


                                   **Background**

        The plaintiff, Frances Fenter ("Fentner") commenced this action under the Fair Debt

Practices Act (15 U.S.C. §1692 et seq.)("FDCPA") alleging that defendant, Tempest Recovery

Services Inc. ("Tempest"), made a false representation while attempting to collect a debt by

threatening to sue the plaintiff at a time when the plaintiff's debt was not in "pre-litigation" and

no decision to commence litigation against the plaintiff had been made. (Docket No. 1 at ¶¶ 13-

17).

        The defendant denies the material allegations asserted in the complaint. (Docket No. 5 at

¶¶13-17).  Tempest has asserted two counterclaims.  First, Tempest alleges that Fentner obtained

                                        1

a credit card through Washington Mutual Bank (WaMu") and made charges in the amount of

$2577.21.  According to Tempest, WaMu transferred Fentner's account to Columbus Bank and

Trust ("Columbus"), who then sole the account to CIGPF I Corp. ("CIGPF").  Tempest alleges

that Fentner has failed to pay the monies owned to Tempest as servicing agent for CIGPF.

(Docket No. 5 at ¶¶ 27-32).  Tempest also asserts a claim of unjust enrichment against Fentner.

(Docket No. 5 at ¶¶ 33-35).

The plaintiff moves to dismiss the counterclaims, asserting that the Court lacks subject

matter jurisdiction over the counterclaims under Rule 12(b)(1) and has failed to state a claim

upon which relief can be granted pursuant to Rule 12(b)(6).

## Discussion

### Subject Matter Jurisdiction

The plaintiff seeks dismissal of the counterclaim alleging that the Court lacks subject

matter jurisdiction over that claim.  A case is properly dismissed for lack of subject matter

jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional

power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000).  The party

asserting federal jurisdiction bears the burden of establishing jurisdiction." Blockbuster, Inc. v.

Galeno, 472 F.3d 53, 57 (2d Cir. 2006).

The plaintiff asserts that the Court lacks subject matter jurisdiction over the counterclaim

inasmuch as the defendant has failed to plead jurisdiction; the claim does not arise under the

constitution or other federal law; and that the amount of the claim does not meet or exceed the

threshold for diversity jurisdiction.  The defendant does not dispute the fact that the counterclaim

does not arise under the constitution or other federal law or that diversity jurisdiction exists in

this case.  Instead, the defendant argues that subject matter jurisdiction exits based upon the

Court's exercise of supplemental jurisdiction under 28 U.S.C. §1367.

It has been held that it is no longer necessary to distinguish between permissive and

compulsory counterclaims inasmuch as §1367 has established new criteria for determining the

existence of supplemental jurisdiction.  Channell v. Citicorp Nat. Services, Inc., 89 F.3d 379,

(7th Cir. 1996); Rothman v. Emory Univ., 123 F.3d 446, 454 (7th Cir.1997); Jones v. Ford

Motor Credit Co., 358 F.3d 205 (2d. Cir. 2004).[1]  Section 1367 provides:

> Except as provided in subsections (b) and (c) or as expressly
> provided otherwise by Federal statute, in any civil action of which
> the district courts have original jurisdiction, ***the district courts
> shall have supplemental jurisdiction over all other claims that
> are so related to claims in the action within such original
> jurisdiction that they form part of the same case or controversy
> under Article III of the United States Constitution***. Such
> supplemental jurisdiction shall include claims that involve the
> joinder or intervention of additional parties.

The original claim asserted by the plaintiff pursuant to the FDCPA and the defendant's

counterclaim have only a tangential factual connection.  The original claim asserted by the

---

[1]  To the extent that it is relevant, it appears that the counterclaims asserted by Tempest in this action are permissive, not compulsory.  Hart v. Clayton-Parker and Associates, Inc., 869 F. Supp. 774, 777 (D.Ariz.1994) ("Every published decision directly addressing the issue in this case has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are not compulsory counterclaims.") (emphasis in the original) (citing various cases); Berrios v. Sprint Corp., 1998 WL 199842, at *9 (E.D.N.Y. March 16, 1998) ("All reported decisions on the issue have found that a defendant's counterclaims for payment of an overdue debt are distinct from, and not logically related to, a plaintiff's FDCPA claim based on improper debt collection practices"); Maddox v. Kentucky Finance Co., 736 F.2d 380, 383 (6th Cir.1984)(a subsequent counterclaim for the debt is permissive rather than compulsory); See also Peterson v. United Accounts, Inc., 638 F.2d 1134, 1136 (8th Cir.1981);  Schuyler v. National American Credit Corp., 2008 WL 2276847 (W.D.Mich. 2008).

plaintiff in this case under the FDCPA in this case involves the language used by the defendant in various phone communications and correspondence with the plaintiff.  The counterclaim involves inquiry into the existence of an agreement between the plaintiff and CIGPF (as transferred from WaMu and Columbus) establishing an account, the charges made by the plaintiff to the account, and the history of payments (or the lack thereof) by the plaintiff regarding that account.  Although the defendant initiated contact with the plaintiff because of the existence of the underlying debt to CIGPF, the validity of the underlying debt is not material to the FDCPA claim.  Stover v. Northland Group, Inc., 2007 WL 1969724 (W.D.N.Y. 2007); McCartney v. First City Bank, 970 F.2d 45 (5th Cir. 1992). None of the elements necessary to establish and prove the plaintiff's FDCPA claim are necessary, or even relevant to, the defendant's counterclaim.  "Thus, while there appears to be a relationship between the two claims, consideration of the facts underlying the cause of action, of the law relevant to each and of the evidence needed to support the claims 'reveals that the relationship is more illusory than real.'" Leatherwood v. Universal Business Service Co., 115 F.R.D. 48 (W.D.N.Y. 1987)(Elfvin, J.) citing Gammons v. Domestic Loans of Winston-Salem, Inc., 423 F.Supp. 819, 821 (M.D.N.C.1976).

In any event, several Courts have held that even if the Court were to conclude that the counterclaim is sufficiently related to the original claim that they form the same case or controversy for supplemental jurisdiction analysis, the Court should nevertheless decline to exercise supplemental jurisdiction as contrary to the remedial purposes of the FDCPA. Sparrow v. Mazda Am. Credit, 385 F.Supp.2d 1063, 1070-71 (E.D.Cal.2005) (holding that supplemental jurisdiction under 28 U.S.C. § 1367 does attach, but that the jurisdiction should not be exercised

because it would be contrary to the FDCPA's remedial policies); <u>Avery v. First Resolution Management Corp.</u>, 2007 WL 1560653 (D.Or. 2007)(same); <u>Witt v. Experian Information Solutions, Inc.</u>, 2008 WL 2489132 (E.D.Cal.,2008).  Similar to the instant case, in <u>Sparrow</u> the defendant facing a FDCPA claim attempted to assert a counterclaim for the debt owed by the plaintiff.  There the Court explained that "[e]ven if supplemental jurisdiction exists over Defendant's counterclaims, a court may decline to exercise that jurisdiction where compelling reasons exist. In a case such as this one, strong policy reasons favor declining to exercise jurisdiction." <u>Sparrow</u>, 385 F.Supp.2d. at 1071.  The Court in <u>Sparrow</u> cited to Hon. John T. Elfvin's decision in <u>Leatherwood</u> which held that allowing a debt collector to bring an action for the underlying debt in a case brought under the FDCPA may deter litigants from pursuing their rights under that statute. In <u>Leatherwood</u>, the Court reasoned:

> To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this. Moreover, it would involve this Court in questions of no federal significance. Given the remedial nature of the FDCPA "and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of ... the target of the very legislation under which" a FDCPA plaintiff states a cause of action.

Leatherwood, 115 F.R.D. at 50 (quoting <u>Roberts v. Nat'l Sch. of Radio & Television Broadcasting</u>, 374 F.Supp. 1266, 1271 (N.D.Ga.1974)).  In <u>Sparrow</u>, the Court concluded that strong policy reasons exist to prevent the chilling effect of trying FDCPA claims in the same case as state law claims for collection of the underlying debt.  These policy considerations serve as the basis to decline to exercise supplemental jurisdiction over defendant's state law claims to enforce

the debt.  <u>Sparrow</u>, 385 F.Supp.2d. at 1071.

The defendant's reliance upon <u>Padilla v. Clovis & Roche, Inc.</u>, 2007 WL 4264582
(N.D.N.Y. 2007) is not persuasive. In that case, the Court acknowledged that under typical
circumstances numerous courts have declined to exercise supplemental jurisdiction over a state
law debt collection counterclaim. <u>Padilla</u>, 2007 WL 4264582 at *3.  The <u>Padilla</u> court stated that
it agreed with the reasoning of the line of cases declining to exercise supplemental jurisdiction
over state law debt collection counterclaims, but found that the reasoning faltered in that case
inasmuch as the plaintiff had alleged  "fraudulent conduct" on the part of the defendants to
induce the plaintiff to pay more than she owed.  The Court found that this allegation brought the
validity of the underlying debt into the controversy involving the federal FDCPA claims.  <u>Padilla</u>,
2007 WL 4264582 at *4.   The peculiar circumstances in <u>Padilla</u> are not at issue in the instant
case.

For the reasons set out in the <u>Leatherwood</u>-<u>Sparrow</u> line of cases, it is recommended that
the Court decline to exercise supplemental jurisdiction over the defendant's counterclaim.


**Failure to State a Claim**

Fentner also asserts that the defendant has failed to state a claim upon which relief can be
granted pursuant Rule 12(b)(6). In support of this motion, the plaintiff asserts that Tempest's role
of "servicing agent" for CIGPF does not provide authority for Tempest to maintain the instant
claims against Fentner.  The plaintiff asserts that "[t]here is no indication in the pleadings as to
whether CIGPF ... authorized or granted authority to [Tempest] to prosecute a collection lawsuit,
or any other lawsuit on their behalf." (Docket No. 10-2 at page 6).  Fentner contends that

6

Tempest must specifically plead, and ultimately prove, that the principal, CIGPF, intended to surrender their right to sue on their own behalf. (Docket No. 10-2 at page 6).  In response, Tempest asserts that under federal pleading rules and the Rule 12(b)(6) standard, Tempest was not required to plead "each and every fact and the precise nature of the agency relationship between Tempest and CIGPF." (Docket No. 12 at page 11).  Tempest further requests that, if the language of the counterclaim was found to be lacking, that it be afforded an opportunity to amend the pleading.  (Docket No. 12 at page 11-12).

In light of the recommendation that the Court decline to exercise supplemental jurisdiction over the defendant's counterclaim, the Court need not address this issue.

### Conclusion

Based on the above, it is recommended that the motion to dismiss the defendant's counterclaim be granted.

Pursuant to 28 U.S.C.  §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO**

**FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

_____ /s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 12, 2008

8